We're here counseling Jensen against Mullen. Good afternoon and may it please the court. My name is Bella Satra and I'm here with my colleague David Kost on behalf of the plaintiff appellant, Edwin Jensen. We are here to defend the fundamental notions of fair play and due process, which were denied to Jensen. He was found guilty and served, as of the complaint, 120 days in solitary confinement, all on the basis of an alleged admission that he made outside of the facility. The dispute in this case is about what he may or may not have said, and at the disciplinary hearing there were no witness testimony offered, no witness statements offered, and there was virtually no other evidence offered to support the charges, including, for example, physical evidence of the alleged transaction or drug use. In other words, the disposition was not supported by reliable evidence. Well, you're saying it was not supported. I want to understand what your argument actually is. Are you saying there's not any evidence of what offered at the hearing? No, Your Honor. We are saying that there was virtually no evidence offered at the hearing, let alone reliable evidence. Okay. So what is the evidence that was admitted? Is it the report by the corrections sergeant saying, I heard from other people that he made this statement in court? No, Your Honor. Well, yes and no. So both the district court and the magistrate below agreed that the only evidence that was offered at the hearing were the misbehavior reports. Now, they were prepared by Sergeant Hackett, but they allege that the admission was made . . . Hackett does not allege in the misbehavior report that he heard the admissions or that he heard from a third party that Jensen, in fact, had made these admissions. So your point is that all there was was, in effect, an indictment that says he did these things, a charge that said he did these things, but there's no actual indication of what that charge is based on? Yes, Your Honor. The misbehavior reports are a charging document. They set forth accusations about the misconduct. Now, in this case, the misbehavior reports alleged that Jensen had unlawfully taken . . . he admitted that he took Suboxone while he was incarcerated earlier at the facility. However, the misbehavior reports contain virtually no specificity or facts to apprise him of exactly what he's being charged with. For example, the misbehavior reports do not identify when he made the alleged admission, to whom he made the alleged admission, when he made the alleged admission. But the admission is not the violation, as Mr. Jensen himself pointed out. The fact that is admitted is the violation, yes? That is, if he had made the admission, he admitted to having committed a violation. The violation was obtaining the drugs while in the facility. Correct, Your Honor. Correct. And, in fact, the misbehavior reports, for example, state that there was a urinalysis test taken, but that isn't attached, for example, to the misbehavior reports. So the hearing officer doesn't actually have proof before him that Jensen actually acquired a drug and subsequently consumed it. So what should have happened, in your view, is there should have been a witness to appear. Someone like . . . potentially, since hearsay is potentially admissible, the sergeant should have come and said, I was told by a particular person from the court that there was this urine analysis and there was an admission by Mr. Jensen that he had taken the drug while in the prison. Yes, that would have been helpful. In fact, during the hearing, we know from the summary judgment affidavits that Mullen stepped out of the hearing for a moment to talk to Sergeant Hackett. And so he was available, but he was never called as a witness to attest to these conversations that he had with third parties about the admission. And so, as a result, it's our position that the adjudication of guilt was not supported. There was virtually no evidence to support it, let alone reliable evidence. You keep coming back to the word virtually, and I'm trying to figure out what is the minimum that would work here. This certainly does not look like a trial where the judge goes out as the fact finder and goes into the robing room and calls in the person who would be testifying and says, did you really talk to somebody and he really told you that? Okay, fine. And then comes back and says, well, you're guilty, right? So is that the essence of the problem, that there is not a witness appearing? If the sergeant had appeared, it would have been altogether different. Well, I don't know that it would be altogether different, but I do think that it would have been a different situation. The guilty dispositions state in the section facts of alleged violation, quote, while incarcerated in this facility, the above-named person, that's Jensen, admitted to Jim Everhard that he took drugs while in jail. So the disposition is based on a supposed admission. Leaving aside whether- Well, that does tell you who was told, a minute ago you said there was nothing that said who made the statement. Now we hear it's Jim Everhard who said that the admission was made. To clarify, Jim Everhard was not called as a witness. I understand. He was not called as a witness. Right. The hearing officer relied on a conversation with Everhard, or relied on other persons who had a conversation with Everhard in coming to this conclusion. I think the other evidence, the other kinds of evidence that would have been helpful and that would support the determination would have been, for example, a negative drug test or contraband, or- Right. Well, lots of things would have- Yeah. And it would have been much better if they had- Yeah. You know, he would be very guilty and there would be great evidence if there was a witness testifying under oath, subject to cross-examination, I searched his cell and found drugs there and here are the drugs. Okay. That would be- But that's not this case. And what I'm trying to figure out is if hearsay is permissible, what are the limits of that? And you're saying that this transcends those limits. Yes. Yes, Your Honor. And the reason for that is because during the hearing, the hearing officer referenced conversation that he had and he stated that the calls that the facility had received from persons attesting to the submission, those were, quote, testimony. But that's not what testimony is. I mean, his personal off-the-record conversations can't constitute- I understand. So what is the case that would establish as a firm principle that a hearing officer in a prison can't do this kind of thing that strikes me as fairly outrageous in the courtroom context that says that there has to be a live witness testifying that the hearing officer can't rely on hearsay that is relayed to him by other officers outside the presence of the accused? Well, Your Honor, under the requirements for due process, there has to be a written statement by the fact finder as to the evidence that was relied upon and the reasons for the disciplinary action taken. Yes. That's what's clearly established under Wolfe, isn't it, that there has to be a statement of the evidence relied on. And that is not present anywhere here. Is that your point? Yes, Your Honor. Yes. So there's no evidence as to whatever- there's no evidence as to- there's no statements in the record at the disciplinary hearing, for example, from any statements made by Jim Everhard. Our position is that- Well, if you look at, say, for example, Appendix 84, there is a kind of disposition sheet that says findings and evidence used in determination, and that is blank. Is that what we're concerned about in this case, or are we concerned about something else? Your Honor, we're actually- we are concerned about that as well as the other sections that are blank- that are left blank on that disposition sheet, including, for example, witness testimony, limitation of witnesses or questioning, limitations of evidence provided to the inmate. The inmate has a due process right to be apprised of the evidence that's being used against him, and he isn't apprised based on the misbehavior reports. And then during the hearing, he learns for the first time that there are statements that are being held against him. And our position is that that's not enough, because he can't mount a defense or challenge that, and so as a result, his due process rights were violated. Are you talking about a statement where he apparently said he could have done it in here? He could have done it here? I'm not sure I understand your question, Your Honor. Isn't there a statement from him, he could have done it here? He does make that statement during the hearing in response to the accusation, isn't it the case that you made- that Jensen made an admission to Jim Everhard? And he responds by saying, no, what I in fact stated was, I could have done it here. Well, what he says is, I lied and said I could have done it here. That's what he said, I mean, I listened to the- this is in the CD of the hearing. He said, he's asked, did you tell the court that you used the drug here? And he says, I lied and said I could have done it here, it kept me out of jail. In other words, his position, as I take it, is he was accused of violating the conditions of his release by using the drug after he got out. And he says, no, I never violated the conditions of my release because I did it in the jail before I got out. Well, it didn't turn out to help him very much with the judge, I guess. But what he- what happens at the hearing is that he says he lied to the court and said he could have taken the drug in the jail. Your Honor, my interpretation, our interpretation of the hearing record is that when he states, I lied, what he's referring to is where he got the Suboxone. And he's making a distinction between having it at home, and he states he has a prescription for it, versus he could have received it in jail. But that's very different from- Well, that's all fine. But if he's saying- if he's explaining away what he said to the court, isn't he admitting that he said it to the court? No, Your Honor, he is not- When he says he lied, who did he lie to? What is the lie? Your Honor, our position- my understanding of that- of that, and our interpretation of that is that when he says he lied, he's explaining that he had the Suboxone at home, as opposed to the lie, which is he could have received it from- Whether he lied or not, didn't he say, I could have gotten- I could have done it here, meaning in the prison? He said that, right? He does, yes. And he was confronted with that, and had a chance to rebut it. Well, he offers that in response to the question of as to whether- Okay, but the point is, A, he knew there was a statement like that before the hearing officer, right? Yes, yes, Your Honor, he understands that- It wasn't done in secret. He knew it, right? He knew it. That's not hard for you to agree to, is it? No. I mean, he- well, he- the misbehavior reports charge him with making an admitt- The narrow statement, he could have- he said he could have done it here. He knew that statement was in the record, right? Yes, Your Honor. So, he had a chance to deal with it, right? Yes, Your Honor, but he- All right. So, as far as not being- any due process argument arising from some theory he didn't have a fair chance, he did have a chance to deal with that remark, right? He did, Your Honor, and he- Okay. And why isn't that remark alone enough to support a disciplinary hearing? Because Your Honor, he unequivocally denies that he, in fact, did- Why does anyone have to believe that? Well, Your Honor, he does explain why he- He gives a version. Why is the hearing officer obliged to believe that? Well, Your Honor, I think that it is- I think that the hearing officer is allowed to weigh what he is hearing, but he's weighing the statement that Jensen makes in the hearing against an admission that's reported to him, but it's not clear what that admission is. Well, except that Jensen gives actually two versions. He does, at some points, deny that he ever made such a statement, but he also then says, I lied and said I could have done it here. That I could have done it here is not the third-party account, which actually is that he did do it here. That's what the hearsay supposedly is. This is his statement, that I lied and said I could have done it here. That's one of the versions that he gives. Yes, Your Honor, and he also goes on to explain that he has a prescription for Suboxone, and he even states that the jail medical records would confirm that. So I think he is- even though he makes that statement, I think that, coupled with the fact that he also unequivocally denies telling or admitting to anybody else that he, in fact, did take Suboxone, did receive it from someone, I think that that admission isn't- there isn't evidence of that other than Jensen's unequivocal denial and this explanation where he says he could have received the Suboxone from somebody. Thank you, Ms. Sattra. I've given you a lot of extra time, but we're happy to hear you, and let's hear from Mr. Spagnoli. Thank you, Your Honor. May it please the Court, my name is Charles Spagnoli, and I'm here on behalf of the Respondent Appellee Correctional Officer John Mullen. There were three issues raised by Ms. Sattra, one being whether the notice of the charges was adequate, one being whether the completion of the disposition form was adequate. Neither of those arguments was ever raised below, either in the complaint, in opposition to our summary judgment motion, or in opposition to our objections to the report of the magistrate judge. We argue that they're waived. Even if not, under Powell v. Coughlin, a challenge based on due process or any other constitutional violation does not render a person liable unless it is shown that the error was not harmless. We contend that regardless of how the notice of charges was phrased, regardless of how the disposition was phrased, the same result would have obtained, and as Your Honors have noted, the same arguments would have been presented by Mr. Jensen in the disciplinary hearing. The question, then, is really whether there was reliable evidence in the record of the hearing to support the disposition. First note that the fact that we are here arguing about this at all strongly supports the dismissal of this appeal. A district court judge, well learned in the law in this area, and with briefing on the major cases in this area, found that there was no constitutional violation. Unless this court is prepared to say not only that the district court judge was wrong, but that Officer Mullen should have known better than the district court and recognized that he was violating Mr. Jensen's due process rights, then qualified immunity must apply. Since Officer Mullen is the only respondent in this case, that means this court need not even reach the underlying . . . Well, can you tell me what the evidence is in the record? Absolutely, Your Honor. First, the misbehavior report, which even if it doesn't categorize every step of the process by which the information came forward, it is hearsay evidence. So the very charging instrument itself is evidence. If there is something that says, he did this . . . If it's signed by someone who heard it, directly or indirectly, yes. But the second piece, as Your Honor noted several times, on the record . . . This is not a charge where a correction officer says, I saw him punch another inmate, and signs it and says, he's charged with punching that other inmate on such and such a day that I saw signed Officer Jones. This is just a charge that he said something in court, and it's not signed by anybody who was in court. No, but it is signed by Officer Sergeant Hackett, who did hear it through hearsay. It is hearsay. Okay. And it doesn't set forth that it is hearsay, but it is hearsay, and therefore it is evidence and it is admissible evidence. So that's point one of the evidence. Point one of the evidence. Point two of the evidence, I need hardly repeat to this Court, is Mr. Jensen's admission that he made the essential equivalent of the statement in question. So there is some evidence in the record, and under Superintendent v. Hill it can be meager evidence. In that case, the Court characterized it as meager evidence. But any evidence in the record is sufficient to satisfy the due process requirement. Superintendent v. Hill very clearly said, all you need is some evidence in the record. This Court has placed a gloss on that properly, requiring that it be reliable evidence. But the Hill decision precludes this Court from saying, not only does the evidence itself have to be in the record, but the evidence that that evidence was reliable has to be in the evidence. Right. And does Officer Mullen's conversation with the sergeant outside the hearing room count as evidence? It doesn't count as evidence. It counts as indicia of reliability of the evidence that's on the hearing record. So since indicia of reliability can be off the hearing record, and this Court and the Supreme Court have repeatedly found that additional information to establish that due process was satisfied, can be provided after the fact to the Court upon challenge. Sierra v. Morton, Luna v. Pico. Under those circumstances, all of the indicia of reliability that Officer Mullen considered are cognizable as indicia of reliability to show that the evidence that was in the record was reliable. Those included, not just Mr. Jensen's statement on the record that he basically made the admission and question, and as you pointed out, claimed it was a lie, therefore saying it wasn't just a conditional hypothetical, but it was an actual claim of fact. But he had information, secondhand reports, from five individuals associated with the court system, the probation department, and the DA's office. All five were consistent as to what they had heard Mr. Jensen say. Mr. Jensen's statement was made on the record under oath in court, and Officer Mullen personally interviewed not only Sergeant Hackett, but two of the individuals who heard the statement firsthand and satisfied himself as to their credibility. The evidence is the description of violation in the charge sheet that says on the authority of Sergeant Hackett that the inmate tested positively in urine analysis, and while being questioned for this, he said that he got it from another inmate. What shows that that is reliable is the off-the-record conversation outside the hearing room conversation that the hearing officer had with Sergeant Hackett, where Sergeant Hackett told him, I got this from five different people at the court. Well, no, Your Honor. There's also the off-the-record conversations that he had directly with the people who heard it, and there's the on-the-record admission. Admission by, there's also the admission by. That he made the statement, and since it's the admission of a party opponent, that's not hearsay. We did make an argument in our briefs, and I'll leave it to the briefs, on the exhaustion of administrative remedies not being satisfied here. But at the end of the day, there is no clearly established law that would have put Officer Mullen on notice that what he was doing violated Mr. Jensen's constitutional rights under the circumstances. It has to be contended that it was objectively reasonable for him to say, I've got an admission on the record. I've got the misbehavior report signed by Sergeant Hackett. We've got five different court and law enforcement associated personnel all saying the same statement happened. I've talked with two of them personally and satisfied myself that they heard what they heard and that they're telling the truth. And finally, you've got Mr. Jensen admitting or contending that he lied under oath in the court proceeding. Under the principle of what a tangled web we weave, I think it's fair for Officer Mullen to have said, I'm not going to credit Mr. Jensen when he says he was lying in the court proceeding. He's trying to get out of the consequences of his actions now, and therefore I'm going to rely on his admission. Those conclude my comments. I'd be happy to address any further questions from the court. Okay, just to ask one more thing though, in Wolfe the Supreme Court says, and this goes back to 1974, that a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action is what someone is entitled to. Because without a written record, the inmate will be at a severe disadvantage in propounding his own cause. And now, granted, I don't think this argument actually gets made in this form, even in this court, in the brief. But I'm puzzled, is it the normal practice to have a disposition that, in fact, doesn't say what the reasons are at all? Not even so much as I believe that Sergeant Hackett was right in what he said in the charging instrument. Unfortunately, Your Honor, I'm not in a position to testify on that fact. But I will point out that the, as appellants observed in their own brief, the disposition form stated, while incarcerated in this facility, the above named person admitted to Jim Everard that he took drugs while in jail. The drug known as Suboxone was used, which he received from another inmate that was transferred out of state prison. So right there, that's the basis. That's the charge. All that the hearing officer says is guilty doesn't give any reason why he thinks he's guilty. I submit to you, Your Honor, that that's more than sufficient to notify Mr. Jensen as to why he was being found guilty of the charge. Thank you, Mr. Spagnoli. Thank you. Ms. Sattra has reserved two minutes. Thank you, Your Honor. I'd like to address a couple of points, starting with first the waiver issue. Broadly speaking, in the complaint, and this is at page 11 of the record, Mr. Jensen stated that it is my thought that due process was greatly ignored in the steps leading to my isolation in this facility. And so he didn't waive arguments regarding the notice or the lack of a written statement. On the issue- No, he didn't, but did you? Is there anything in your brief on appeal that says what we're here about is there wasn't a statement of reasons? Your Honor, we address that issue as part of our argument that the disposition was not based on some reliable evidence. And that the written disposition contains insufficient information. For example, as we discussed earlier, there were several fields that were left blank. I would also like, on the issue of due process, I would like to just point out that, as noted, the disposition states that while incarcerated in this facility, the above named person admitted to Jim Everhart that he took drugs. The hearing officer didn't, at least in his limited findings, didn't credit the discussion that he had with Jensen or this alleged admission that he may have made during the hearing. And I think that a reasonable jury could conclude, based on what was adduced at the hearing, coupled with the fact that Mullen is relying on third party conversations as evidence. A reasonable jury could conclude that there wasn't sufficient reliable evidence to justify the disposition. Thank you very much. We'll reserve decision.